**WO**                                                                                           MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith T. Parker, | No. CV 10-2616-PHX-JAT (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Warden J. Stems, et al., | |
| Respondents. | |

     Petitioner Keith T. Parker, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

     Petitioner was convicted in Maricopa County Superior Court, case #CR-2006-006531-001 DT, of second-degree murder, attempted armed robbery, and aggravated assault. He was sentenced to a combination of concurrent and consecutive sentences totaling 23.5 years' imprisonment. In his Petition, Petitioner names Warden J. Stems as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief.

     In Ground One, Petitioner alleges that his Sixth and Fourteenth Amendment rights to a trial by jury and to due process were violated because the trial court erred in giving a "flight

TERMPSREF

1  or concealment" instruction to the jury. In Ground Two, he asserts that his Sixth and
2  Fourteenth Amendment rights were violated because the trial court, after the jury was
3  empaneled and over defense counsel's objection, changed the charge from armed robbery to
4  attempted armed robbery.

5  In Ground Three, Petitioner contends that he was denied his Sixth Amendment right
6  to a fair and impartial jury trial because his convictions were not consistent with the
7  evidence. In Ground Four, Petitioner claims violations of his Sixth, Eighth, and Fourteenth
8  Amendment rights because the prosecutor engaged in misconduct by using false or
9  unsubstantiated witness testimony.

10  Petitioner contends that he presented these issues to the Arizona appellate courts in
11  a direct appeal. The Court will require Respondents to answer the Petition. 28 U.S.C.
12  § 2254(a).

13  **II.  Warnings**

14  **A.  Address Changes**

15  Petitioner must file and serve a notice of a change of address in accordance with Rule
16  83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
17  relief with a notice of change of address. Failure to comply may result in dismissal of this
18  action.

19  **B.  Copies**

20  Petitioner must serve Respondents, or counsel if an appearance has been entered, a
21  copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
22  certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
23  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
24  comply may result in the filing being stricken without further notice to Petitioner.

25  **C.  Possible Dismissal**

26  If Petitioner fails to timely comply with every provision of this Order, including these
27  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
28

1   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2   comply with any order of the Court).

3   **IT IS ORDERED:**

4       (1)    The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order
5   on the Respondent and the Attorney General of the State of Arizona by certified mail
6   pursuant to Rule 4, Rules Governing Section 2254 Cases.

7       (2)    Respondents must answer the Petition within 40 days of the date of service.
8   Respondents must not file a dispositive motion in place of an answer but may file an answer
9   limited to relevant affirmative defenses, including but not limited to, statute of limitations,
10  procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
11  those portions of the record relevant to those defenses need be attached to the answer.
12  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
13  defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative
14  defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
15  Governing Section 2254 Cases.

16      (3)    Petitioner may file a reply within 30 days from the date of service of the
17  answer.

18      (4)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
19  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
20  report and recommendation.

21  DATED this 9th day of December, 2010.

James A. Teilborg
United States District Judge