IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith T. Parker, | No. CV-10-2616-PHX-JAT (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Warden J. Stems, et al., | |
| Respondents. | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus, doc. 1, and Motion to Stay Proceedings, doc. 9. Respondents have filed an Answer to Petition for Writ of Habeas Corpus, doc. 15, and a Response to the Motion to Stay Proceedings, doc. 13. Petitioner has not replied and the time to do so has passed. For the reasons set forth below, the undersigned recommends denying the Motion to Stay and the Petition for Writ of Habeas Corpus.

**I. Background**

    **A. Charges, Trial, and Sentencing**

Petitioner challenges his convictions in Maricopa County Cause Number CR 2002-012403. On August 1, 2006, a Maricopa County grand jury charged Petitioner with first-degree murder, armed robbery, and aggravated assault based on events on June 29, 2005.

(Respondents' Exh. A[1])  Petitioner's case proceeded to trial.[2]  On February 20, 2007, a jury found Petitioner guilty of second-degree murder, and not guilty of first-degree murder. The jury also found Petitioner guilty of attempted armed robbery and aggravated assault. The jury found that the offenses were dangerous. (Respondents' Exhs. B, C)  On April 4, 2007, the court sentenced Petitioner to 16 years' imprisonment on the second-degree murder conviction, and to 7½ year terms on the attempted armed robbery and aggravated assault convictions. (Respondents' Exh. D)  The court ordered the sentence on the aggravated assault conviction run consecutively to the sentences for the second-degree murder and armed robbery convictions.

### B. Direct Appeal

Petitioner timely appealed. Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the Court that he could find no colorable issue to raise on appeal. (Respondents' Exh. E)  Petitioner subsequently filed a supplemental brief. (Respondents' Exh. F)  On August 13, 2009, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Respondents' Exh. G) The Arizona Court of Appeals granted Petitioner an extension to November 16, 2009 to file a petition for review to the Arizona Supreme Court. (Respondents' Exh. H) Upon receipt of a non-conforming petition for review, the appellate court rejected the petition and issued its mandate. (Respondents' Exhs. H, I)

### C. Post-Conviction Proceedings

On December 9, 2010, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. J) According to the record, the post-conviction proceeding is pending in state court. (Respondents' Exh. K)

### D. Habeas Corpus Proceeding

On December 6, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1)  On January 13, 2011, Petitioner moved to stay the habeas corpus proceedings

---

[1] Citations to Respondents' Exh. __ are to exhibits attached to Respondents' Answer to Petition for Writ of Habeas Corpus, doc. 15.

[2] The Honorable Edward O. Burke presided.

while he pursued his post-conviction action in state court. (Doc. 9)  Respondents oppose the motion to stay and argue that the Petition should be dismissed as untimely. (Docs. 13, 15) Petitioner has not replied. Whether a petition is barred by the statute of limitations is a threshold issue that the Court must resolve before considering other procedural issues or the merits of any claims. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). Accordingly, the Court will consider whether the Petition is timely.

**II. Timeliness under the AEDPA**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one-year statute of limitations for filing a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

**A. Commencement of Limitations Period**

The AEDPA's one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Upon review of the record, the Court finds that § 2244 (d)(1)(A) applies in this case. Thus, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner's last direct review proceeding, his appeal to the Arizona Court of Appeals, terminated on August 13, 2009, when the Arizona Court of Appeals denied the appeal. (Respondents' Exh. G) However, pursuant to the appellate court's order, Petitioner had until

- 3 -

November 16, 2009 to seek review by the Arizona Supreme Court. (Respondents' Exh. A); Ariz.R.Crim.P. 31.19(a) (establishing 30-day limit for petitioning Arizona Supreme Court to review court of appeals' decision on direct appeal.) Because he did not seek such review, his judgement became final on the expiration of that time - November 16, 2009 - and the one-year limitation period commenced the next day, on November 17, 2009.[3] *See* 28 U.S.C. § 2244(d)(1)(a); *Hemmerle v. Schriro*, 495 F.3d 1069, 1072-74 (9th Cir. 2007) (stating that direct appeal is final upon expiration of time for seeking further appellate review).

Although direct review is normally not deemed complete until the time for a *writ of certiorari* to the U.S. Supreme Court has expired, *see Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999), Petitioner is not entitled to this additional delay. Certiorari review with the U.S. Supreme Court may only be sought following a decision or denial of discretionary review by the state court of last resort, *i.e.* the Arizona Supreme Court. *Flynt v. Ohio*, 451 U.S. 619 (1981). Accordingly, the time for seeking a *writ of certiorari* with the U.S. Supreme Court cannot be considered in determining when Petitioner's judgment became final when review by the state court of last resort was not sought. *Eisermann v. Penarosa*, 33 F.Supp.2d 1269 (D.Hawai'i 1999). *See* 28 U.S.C. § 1257 (certiorari jurisdiction limited to highest available state court); Sup.Ct. Rule 13 (timeliness from decision of highest state court). *See also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) ("If a criminal defendant has pursued his direct appeal through the highest state court, then this period includes the 90 days for filing a petition for certiorari to the Supreme Court. If not, then it includes the time for seeking further state-court direct review.").

Thus, the limitations period commenced on November 17, 2009 and expired one year later on November 17, 2010. Accordingly, Petitioner's Petition for Writ of Habeas Corpus, filed December 6, 2010, is untimely unless statutory or equitable tolling applies.

---

[3] Although Respondents miscalculate the date upon which Petitioner's conviction became final by excluding the time Petitioner had in which to seek further review in the Arizona Supreme Court, that miscalculation does not affect their conclusion that the Petition is untimely. (Doc. 15 at 5)

**B. Tolling the Limitations Period**

**1. Statutory Tolling**

AEDPA's limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's convictions became final on November 16, 2009. The statute of limitations commenced the following day and expired on November 17, 2010. After the AEDPA limitations period expired, Petitioner filed a notice of post-conviction relief. Because the AEDPA statute of limitations had already run by the time Petitioner commenced his post-conviction action, statutory tolling will not save his Petition. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" *Johnson v. Galaza*, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1 (N.D.Ca., Feb. 7, 2001) (quoting *Rashia v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). *See also*, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed.").

Petitioner did not file his habeas corpus petition until December 6, 2010, after the limitations period expired. Thus, it is untimely unless equitable tolling applies.

**2. Equitable Tolling**

Section 2244(d)'s limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560 (2010); *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009). A petitioner seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not

maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted).

Petitioner does not establish any basis for equitable tolling. Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling); *Ballesteros v. Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927 (D.Ariz., February 26, 2007) (noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances) (citing *Fisher v. Johnson*, 174 F.3d 170, 714-15 (5th Cir. 1999)). "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). *See also*, *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim).

Similarly, Petitioner's status as a prison inmate does not constitute an extraordinary circumstance beyond his control warranting the tolling of the one-year limitations period. *Marsh*, 223 F.3d at 1220. The ordinary difficulties inherent in prison life do not constitute extraordinary circumstances sufficient to toll the AEDPA limitations period. *Bomar v. Schriro,* 2008 WL 4183382, * 8 (D. Ariz., Sept. 11, 2008); *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) (stating that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or occasionally, by the petitioner's counsel.").

Petitioner has not demonstrated any extraordinary circumstance that would justify equitable tolling. *Pace,* 544 U.S. at 418. Accordingly, there is no basis for equitably tolling the AEDPA statute of limitations and the Petition should be dismissed as untimely.

**III. Stay and Abeyance**

In a separate motion, Petitioner requests a stay so he can exhaust "other issues that are not raised in this Petition for Writ of Habeas Corpus." (Doc. 9) He argues, without explanation or support, that "several significant questions of law, and several constitutional violation claims . . . need to be decided in a state court, prior to being raised in District Court." (*Id.*) As discussed below, the stay and abeyance procedure is not appropriate in this case.

Habeas corpus relief is unavailable "unless the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Generally, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Subsequent to *Rose*, the AEDPA imposed a one-year statute of limitations for filing federal habeas corpus petitions. 28 U.S.C. § 2254(d)(1). The Supreme Court recognizes that if a petitioner files a mixed petition (a petition containing both exhausted and unexhausted claims) in federal court, the combined effect of *Rose* and the AEDPA could result in the loss of all claims, including those already exhausted, because the limitations period could expire while a petitioner returned to state court to present his unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 230-31 (2004). Thus, the Supreme Court has held that the district court has limited discretion to hold in abeyance a habeas petition containing both exhausted and unexhausted claims, to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269 (2005) (stating that "[w]e confront here the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in state courts and some that have not."). Stay-and-abeyance is only appropriate when the district court determines that (1) there was good cause for petitioner's failure to exhaust his claims first in state court; and (2) the unexhausted claims are not "plainly meritless;" and (3) there is no indication that the petitioner

has engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. *Rhines* cautioned that the stay-and-abeyance procedure "should be available only in limited circumstances," and should be applied consistently with the AEDPA's twin purposes: "reduc[ing] delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instance." *Id.*

The stay-and-abeyance procedure is not appropriate in this case because the Petition is not "mixed." Rather, all of Petitioner's claims were exhausted on direct review. (compare doc. 1; Exhs. F, G) Because all of Petitioner's claims are exhausted, the stay-and-abeyance procedure does not apply. *See Felder v. Hickman*, Civil No. 05cv2225-L (CAB), 2007 WL 2265146, * 5 (S.D.Cal., Aug. 6, 2007); *Greer v. Arizona Attorney General,* No. CV-04-1265-PHX-JAT, 2006 WL 2553403, * 7 n. 8 (D.Ariz., Sept. 1, 2006).

Additionally, to extent that Petitioner seeks to stay the pending proceedings to exhaust new claims, the motion should be denied. In *Pace*, 544 U.S. at 416-17, the Supreme Court invited petitioners who are "reasonably confused" about their state's timeliness rules to file "protective" petitions - before the expiration of the ADEPA limitations period - in federal court to avoid a statute of limitations problem." *Id.* Unlike that situation, the Petition in this case was untimely and cannot serve to avoid a statute of limitations problem pertaining to any future claim.

**IV. Summary**

For the foregoing reasons, the Petition should be denied as untimely. And, the Motion to Stay habeas corpus proceedings should be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, doc. 1, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion to Stay Habeas Corpus Proceedings, doc. 9, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have (14) fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties have (14) fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of July, 2011.

Lawrence O. Anderson
United States Magistrate Judge